**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-10C
(Filed: June 24, 2015)

```
* * * * * * * * * * * * * * * * * * * * *
JOSE LOPEZ HERNANDEZ,

                Plaintiff,

v.

THE UNITED STATES,

                Defendant.
* * * * * * * * * * * * * * * * * * * * *
```

**FILED**

JUN 2 4 2015

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

Plaintiff, appearing *pro se*, filed a handwritten complaint and a motion to proceed *in forma pauperis* on January 5, 2015. Defendant filed a motion to dismiss for lack of jurisdiction on March 5, 2015. Plaintiff has not responded to that motion. Because it is clear that we lack jurisdiction, it is unnecessary to wait for plaintiff's response.

Plaintiff alleges that he was denied treatment for Hepatitis C while serving a federal prison sentence. He was diagnosed with Hepatitis C on April 7, 2009, at the Federal Correctional Institution in Florence, Colorado and again on February 3, 2012, after his transfer to the Butner Penitentiary in North Carolina. A biopsy report dated August 29, 2012, also indicated that plaintiff had contracted Hepatitis C. Plaintiff alleges that he was repeatedly denied treatment by the doctors, clinical directors, and wardens of all four prisons in which he was incarcerated. It appears from the documents attached to plaintiff's complaint that plaintiff was eventually prescribed the drug Interferon to treat his condition in May 2014, but, according to Mr. Hernandez, it has failed to "alleviate [his] condition." Compl. 6.

Plaintiff initiated a request for administrative remedy with the Federal Bureau of Prisons on April 10, 2013. After a series of appeals, plaintiff's request was denied. Plaintiff then filed suit in this court on January 5, 2015.

Plaintiff alleges a cause of action under the Federal Tort Claims Act for the Bureau of Prisons failure to treat his condition. Compl. 1.

*Pro se* plaintiffs are afforded latitude in their filings, *see, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995), and are entitled to a liberal construction of their pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, the *pro se* plaintiff is not relieved of his duty to meet the court's jurisdictional requirements. *See Henke*, 60 F.3d at 799.

The Tucker Act, this court's primary grant of jurisdiction, only gives this court authority to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). Specifically excluded from the court's jurisdiction are cases involving allegations of tortious conduct, such as "Gross Medical Malpractice," "Emotional Distress," and "Medical Negligence" complained of by plaintiff. Compl. 6. Instead, claims based on the Federal Tort Claims Act are within the exclusive jurisdiction of the district courts. 28 U.S.C. § 1346(b)(1) (2012); *U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1366 (Fed. Cir. 2013).

The court's rules require that, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). Because we lack jurisdiction over the complaint, it must be dismissed. Accordingly, the following is ordered:

1. For good causes shown, plaintiff's motion to proceed *in forma pauperis* is granted.

2. Defendant's motion to dismiss is granted.

3. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

_____
ERIC G. BRUGGINK
Judge